Dear Mr. Hotard:
You have requested an opinion of the Attorney General regarding your authority to reimburse a portion of the cost of an annual physical examination for each full-time employee of your office. You state that these employees are members of the Louisiana Assessor's Insurance Fund, which constitutes your office's health insurance program. However, that program does not cover the cost of an annual physical.
Under your proposal, employees would be reimbursed a maximum of $300 per year towards the cost of an annual physical, including such medical tests as chest x-rays, blood work, mammographys, prostate exams, etc. You state that you may periodically adjust this reimbursement to reflect normal increases in the cost of medical expenses experienced in the medical industry.
The Office of Tax Assessor is constitutionally established by Article VII Section 24 of the 1974 Louisiana Constitution. R.S.47:1903 enumerates the powers and authority of tax assessors, the Parish of Orleans excepted, to include the authority to appoint as many deputies as may be required. R.S. 47:1909 constitutes this same authority for the Board of Assessors of Orleans Parish.
R.S. 47:1908 provides funding for the expenses of tax assessors, the Parish of Orleans excepted, including clerical and other expenses necessary in the efficient performance of the duties thereof. Section 1910 establishes the salary and expense fund for the Board of Assessors for the Parish of Orleans.
The constitutional norm for the lawful expenditure of public funds and property is found in Article VII Section 14 of the Louisiana Constitution of 1974.
Paragraph (A) generally prohibits the loan, pledge or donation of public funds and/or property. Exceptions to this prohibition are found in Paragraph (B), all of which appear to be inapplicable to the issue at hand.
Paragraph (C) of Section 14 authorizes the State and its political subdivisions (e.g., the tax assessor) to engage in cooperative endeavors for a public purpose with other governmental agencies, public or private corporations and/or individuals. This office has consistently opined that, for an expenditure of public funds to be legally permissible, it must be pursuant to a valid legal obligation (i.e., authority), for a public purpose, resulting in a public benefit proportionate to its cost. Attorney General Opinion Nos. 99-68, 99-410, 98-385, 98-378, 96-115, 93-787, 92-722 and 90-651.
Unfortunately, all public responsibilities and legal duties are not carefully crafted into our laws. We have found this to be especially true in the area of compensation and related benefits for State and local public employees. For example, in Opinion No. 90-249 we concluded that the waiver and/or reduction of tuition fees for employees, faculty, staff and dependents, by state colleges and universities constituted traditional and nationally well-established forms of non-cash compensation or benefits of employment. As such, they were not prohibited by Article VII Section 14.
Opinion No. 94-72, citing 90-249, further held that discounts on services provided by a hospital service district to its employees did not violate Article VII, Section 14. The author opined that the provision of service discounts for employees could be construed as part of the employment contract entered into between the hospital service district and its employees. It should be noted that, neither the tuition waivers nor the discounts on services were specifically authorized by statute.
Opinion Nos. 99-68 and 98-385 held that a clerk of court and a harbor and terminal district, respectively, could institute structured wellness and fitness programs for their employees and pay for same with public funds. Included in the programs were individual employee health screening by appropriate medical personnel.
As previously noted, the tax assessor is empowered to hire the necessary deputies and clerical employees, and fix and pay salaries and expenses out of the salary and expense fund. Inherent therein is the authority to provide employment-related benefits which are not prohibited by constitutional and statutory laws, case law and/or public policy. Examples of such benefits include moving expenses, holidays, vacations, sick leave, health and accident insurance, pension plans, uniforms, free parking, discounts on services and products, use of publicly owned automobiles, waiver of tuition and expenses related to employee participation in a structured fitness program. Obviously, these benefits must be properly administered so as not to constitute a purely gratuitous alienation of public funds or property in violation of Article VII, Section 14.
We believe that annual physical examinations of employees of the tax assessor constitute a public purpose, the benefits of which include the early detection and/or prevention of illness and work-related injuries, as well as a decrease in absenteeism and health care costs. Such benefits result in the enhancement of the tax assessor's ability to carry out his constitutional and statutory duties for the benefit of the parish and the general public. Having reviewed the benefits to be received by your office from annual employee physical examinations, we turn now to the final criterion — that the value placed on these benefits is reasonably proportionate to the reimbursable cost of the examinations.
Clearly, one cannot put a specific price on the value of the benefits received by your office as a result of annual employee physical examinations. While the benefits discussed above are somewhat intangible, they are nevertheless substantive and valuable to the effective operation of your office. We therefore conclude that the reimbursement of actual expenses incurred by each employee, not to exceed $300 per year, is not so disproportionate to the public benefits realized so as to render the expenditure unreasonable and/or unconstitutional.
Adequate documentation should be furnished to your office by any employee seeking reimbursement to substantiate the actual/out-of-pocket expenses incurred thereby. Further, the extent of the tests comprising the examination should be tailored to the individual employee, taking into consideration, for example, age and general physical condition.
Finally, we recommend that, in the future, the reimbursement for physical examinations should constitute a benefit of employment and be recognized as such by the contract of employment.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH, III/sfj